**GUNTHER v. THORNTON et al.**

No. 15219.

Court of Civil Appeals of Texas. Dallas.

Oct. 31, 1952.

Rehearing Denied Nov. 21, 1952.

Louis Wilson and J. Lee Zumwalt, Dallas, for relator.

Carrington, Gowan, Johnson & Walker and Mike McKool, Dallas, for respondents.

BOND, Chief Justice.

The relator, Jack O. F. Gunther, defendant in cause No. 55,397–B, Daisy K. Gunther v. Jack O. F. Gunther, pending in the 44th District Court of Dallas County, presents motion to file petition against the Hon. W. L. Thornton, Judge of said Court, to force entry of judgment on an announced verbal agreement made in open court for divorce and settlement of community property "in event the court should find that the plaintiff was entitled to a judgment for her divorce from the defendant." The trial was to a jury and upon the announcement of the agreed settlement the court discharged the jury without announcing any decree and made memorandum entry on the court's trial docket of the terms of said agreement as follows:

"June 17–1952. Case withdrawn from the jury—settled as follows: plaintiff to have divorce and 415–422–408 Marshalldell clear of debt, Chrysler auto, all household and kitchen furniture except front bedroom suite and $550 cash. Deft to receive all other property real and personal, separate or community. Plaintiff to pay her atty's fees."

The aforesaid agreement of the parties and memorandum entry by the court were made on June 17, 1952, and on July 11, 1952, the defendant, relator here, filed and presented to the court his motion for judgment as per the agreement of the parties; and on July 16, 1952, the plaintiff, respondent here, filed answer, and therein affirmatively sought a mistrial. On October 10, 1952 the court heard the two said motions and entered orders overruling the defendant's motion for judgment and sustained that of the plaintiff, and decreed that the "cause will remain on the docket for trial." Thus the cause presently stands undecided on the docket of said court.

The judgment (copy of which is attached to relator's petition) which he seeks to have entered in the minutes of the court by writ of mandamus evidences the fact that the trial court had not announced or rendered a final decree in the suit,—only "in event the court should find that the plaintiff was entitled to a judgment for her divorce from the defendant" should judgment be entered in accordance with the agreement.

The agreement as to property settlement evidently hinged on the granting of divorce. The mere fact that the plaintiff and defendant agree that a divorce may be granted is no ground for the court to enter such decree. A divorce may not be granted on compromise or settlement agreement of the parties in absence of evidence. The expression in the court's memorandum entry that "plaintiff to have divorce" merely implies that if and when the court grants a divorce, settlement of property rights will then be made, and not before. The agreement involved is presently under attack by the plaintiff, and pending for trial. Hence until the trial court renders a judgment, this Court is without authority to compel an entry on the minutes of the court by writ of mandamus.

Relator's motion to file his application is denied.

CRAMER, J., concurs only in the result.